UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
VICTORINO HERNANDEZ ALEJANDRO,       Civil Action No.

                Plaintiff,

    -against-

STEVEN STILE FARMERS MKT NO 2 LLC
and STEVEN STILE,

                Defendants.
------------------------------------------------------------------X

## COMPLAINT

Plaintiff, VICTORINO HERNANDEZ ALEJANDRO ("Plaintiff"), as and for his Complaint against Defendants, STEVEN STILE FARMERS MKT NO 2 LLC and STEVEN STILE (hereinafter, "Defendants"), respectfully alleges as follows:

## JURISDICTION AND VENUE

1.    Plaintiff brings this action under the Fair Labor Standards Act (hereinafter the "FLSA"), 29 U.S.C. §§ 201 *et seq.*, Articles 6 and 19 of the New York Labor Law (hereinafter, "NYLL"), and the New York Codes, Rules, and Regulations, Part 142 (hereinafter, the "Regulations"), to recover unpaid overtime compensation, minimum wages, spread of hours compensation, and for other relief.

2.    Jurisdiction over Plaintiff's FLSA claim is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

3.    The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claims that they form part of the same case or controversy.

4.     Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

5.     Plaintiff is a former employee of Defendants who was employed by Defendants from in or about January 2018 until in or about January 2019.

6.     According to the New York State Department of State, Division of Corporations, Defendant Steven Stile Farmers Mkt No 2 LLC (hereinafter, "Stile's Farmers Market") is a domestic limited liability company duly organized and existing under and by virtue of the laws of the State of New York.

7.     Upon information and belief, Defendant Stile's Farmers Market maintains a principle place of business located at 476 9th Avenue, New York, New York 10018.

8.     At all relevant times, Defendant Stile's Farmers Market maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll, and other employment practices applied to him.

9.     Upon information and belief, Defendant Steven Stile (hereinafter, "Stile") is a resident of the State of New Jersey.

10.    Upon information and belief, at all relevant times, Defendant Stile was an owner, officer, director, member, and/or managing agent of Defendant Stile's Farmers Market.

11.    Upon information and belief, at all relevant times, Defendant Stile exercised operational control over Defendant Stile's Farmers Market, controlled significant business functions of Defendant Stile's Farmers Market, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Defendant Stile's Farmers Market in

devising, directing, implementing, and supervising the wage and hour practices and policies relating to their employees, including Plaintiff.

12.     At all relevant times, Defendant Stile participated in running the daily operations of Defendant Stile's Farmers Market.

13.     At all relevant times, Defendant Stile participated in the management and supervision of Plaintiff and his work for Defendant Stile's Farmers Market.

14.     At all relevant times, Defendant Stile maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll, and other employment practices applied to him.

15.     At all relevant times, Defendants had substantial control over Plaintiff's working conditions and over the unlawful policies and practices alleged herein.

16.     Defendants are covered employers within the meaning of the FLSA and the NYLL, and, at all relevant times, jointly employed Plaintiff.

## FACTS

17.     At all times relevant to this action, Plaintiff was employed as a stock clerk for the benefit of and at the direction of Defendants at the Stile's Farmers Market Wholesale and Retail grocery market located at 476 9th Avenue, New York, New York 10018.

18.     Throughout his employment with Defendants, Plaintiff's primary duty was to stock the market's shelves with fruits and vegetables.

19.     Throughout his employment with Defendants, Plaintiff worked from Friday to Tuesday from about 7:00 a.m. until about 7:00 p.m.

20.     During this time, Plaintiff did not receive and did not take any uninterrupted meal breaks.

21.     During this time, Plaintiff generally worked sixty (60) hours per week.

3

22.    Throughout Plaintiff's employment, Defendants paid Plaintiff in cash on a weekly basis.

23.    Throughout Plaintiff's employment, Defendants paid Plaintiff a flat, weekly rate of six-hundred dollars ($600.00), regardless of the number of hours he worked each week.

24.    Throughout Plaintiff's employment, Defendants did not pay Plaintiff the statutory minimum wage rate for all of the hours that he worked each week.

25.    Throughout Plaintiff's employment, Defendants did not pay Plaintiff one and one-half times the greater of the statutory minimum wage rate or his regular rate of pay for all of the hours that he worked in excess of forty (40) per week.

26.    Throughout Plaintiff's employment, Defendants did not pay Plaintiff overtime compensation for all of the hours that he worked in excess of forty (40) hours each week.

27.    Throughout Plaintiff's employment, Plaintiff regularly worked more than ten (10) hours per shift.

28.    Throughout Plaintiff's employment, despite regularly working more than ten (10) hours per shift and earning less than the statutory minimum wage rate, Defendants did not pay Plaintiff spread of hours compensation at a rate of one extra hour of pay at the minimum wage rate for any day in which Plaintiff worked in excess of ten (10) hours.

29.    Throughout Plaintiff's employment, Defendants did not required Plaintiff to sign, punch, or clock in or out of his shifts or to track his time worked in any other manner.

30.    Throughout Plaintiff's employment, Defendants failed to keep and maintain accurate time records for the time that Plaintiff worked each day and week.

31.     Defendants did not provide Plaintiff with a notice and acknowledgment of pay rate and pay day, or any other type of wage notice, at the time of his hiring, or at any time thereafter, as required by NYLL § 195(1).

32.     Defendants did not provide Plaintiff with complete and accurate earnings statements, paystubs, cash receipts, or any other type of wage statement along with his weekly wages, as required by NYLL § 195(3).

33.     Defendant Stile participated in the decision to hire Plaintiff.

34.     Defendant Stile participated in the decision to fire Plaintiff.

35.     Defendant Stile participated in the daily supervision of Plaintiff's duties during his employment.

36.     Defendant Stile participated in setting Plaintiff's work schedule during his employment.

37.     Defendant Stile participated in deciding the manner in which Plaintiff was paid during his employment.

38.     Defendant Stile participated in running the day-to-day operations of Defendant Stile's Farmers Market during Plaintiff's employment.

39.     Defendant Stile participated in deciding the hours that Plaintiff worked each week during his employment.

40.     Defendant Stile participated in deciding the job duties that Plaintiff performed on a daily basis during his employment.

41.     Defendants have managed Plaintiff's employment, including the amount of overtime worked.

42.     Defendants have dictated, controlled, and ratified the wage and hour and all related employee compensation policies during Plaintiff's employment.

43.     Defendants were aware of Plaintiff's rate of pay but failed to pay him the statutory minimum wage rate to which he was entitled under the law.

44.     Defendants were aware of Plaintiff's work hours but failed to pay him the full amount of overtime compensation to which he was entitled under the law.

45.     Defendants were aware that Plaintiff worked in excess of ten (10) hours per day but failed to pay him the full amount of spread of hours compensation to which he was entitled under the law.

46.     Defendants' failure to pay proper wages in a timely manner has been made without good faith, willfully, and with a reckless disregard for Plaintiff's rights, and Plaintiff has been damaged by such failures.

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 201 *ET SEQ.***
**<u>FAILURE TO COMPENSATE FOR OVERTIME</u>**

47.     Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

48.     The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce."  29 U.S.C. § 207(a)(1).

49.     Defendants were and are subject to the overtime pay requirements of the FLSA because Defendant Stile's Farmers Market is an enterprise engaged in commerce or in the production of goods for commerce.

6

50.     At all times relevant to this Complaint, Defendant Stile's Farmers Market had, and continues to have, two or more employees handle goods or materials that have moved in interstate commerce, including Plaintiff who handled produce and other food items for sale that originated outside of the State of New York.

51.     Upon information and belief, the gross annual volume of sales made or business done by Defendant Stile's Farmers Market for the year 2018 was not less than $500,000.00.

52.     At all times relevant to this action, Plaintiff has been entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

53.     Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

54.     By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiff overtime compensation as required by the FLSA.

55.     Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

56.     However, none of the Section 13 exemptions apply to Plaintiff because he has not met the requirements for coverage under the exemptions.

57.     Defendants have acted willfully and either knew that their conduct violated the FLSA or have shown reckless disregard for the matter of whether their conduct violated the FLSA.

58.     Defendants have not acted in good faith with respect to the conduct alleged herein.

59.     As a result of Defendants' violations of the FLSA, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

**COUNT II**
**VIOLATION OF THE NEW YORK LABOR LAW**
**ARTICLE 6 AND 19**
**FAILURE TO COMPENSATE FOR OVERTIME**

60.     Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

61.     At all times relevant to this Action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

62.     Under New York law, an employee must be paid overtime, equal to one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week in the manner and methods provided by the FLSA. 12 N.Y.C.R.R. §§ 142-2.2.

63.     By the above-alleged conduct, Defendants failed to pay Plaintiff overtime compensation as required by the New York Labor Law and the Regulations pertaining thereto.

64.     By the above-alleged conduct, Defendants failed to pay Plaintiff overtime compensation for the time periods in which he worked in excess of forty (40) hours a week for Defendants.

65.     Plaintiff was not exempt from the overtime provisions of the New York Labor Articles, because he did not meet the requirements for any of the reduced number of exemptions available under New York law.

66.     Defendants have acted willfully and either knew that their conduct violated the New York Labor Law or have shown a reckless disregard for the matter of whether their conduct violated the New York Labor Law. Defendants have not acted in good faith with respect to the conduct alleged herein.

67.     As a result of Defendants' violations of the NYLL, Plaintiff has incurred harm and loss in an amount to be determined at trial, in addition to liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**COUNT III**
**VIOLATION OF THE NEW YORK LABOR LAW**
**ARTICLE 19**
**FAILURE TO PAY MINIMUM WAGES**

1.      Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

2.      At all times relevant to this Action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

3.      Defendants willfully failed to pay Plaintiff at the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically New York Labor Law §652.

4.      As a result of Defendant's unlawful practices, Plaintiff suffered a loss of wages.

5.      As a result of Defendant's violations of the NYLL, Plaintiff incurred harm and loss in an amount to be determined at trial, along with liquidated damages, interest, and attorneys' fees and costs of litigation.

**COUNT IV**
**VIOLATION OF THE NEW YORK LABOR LAW**
**ARTICLES 6 AND 19**
**FAILURE TO PAY SPREAD OF HOURS**

6.      Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

7.      As set forth herein, Plaintiff's shifts were regularly spread beyond ten (10) hours during his employment with Defendants.

8.      As set forth herein, Plaintiff was paid less than the statutory minimum wage rate during his employment with Defendants.

9.      As set forth herein, Defendants did not pay spread of hours compensation to Plaintiff as required under Part 142, section 142-2.4 of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the New York State Labor Law).

10.     Such failure constitutes outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiff's rights.

11.     As a result of Defendants' violation of the NYLL and the regulations promulgated therein, Plaintiff has incurred harm and loss in an amount to be determined at trial, in addition to liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**COUNT V**
**VIOLATION OF THE NEW YORK LABOR LAW**
**NYLL SECTION 195(1)**
**FAILURE TO PROVIDE WAGE NOTICES**

12.     Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

13.     Defendants willfully failed to furnish Plaintiff with wage notices during his employment, including upon hiring, as required by NYLL § 195(1), in English or in the language identified by Plaintiff as his primary language, which were to contain, among other things, Plaintiff's rate or rates of pay and basis thereof; the regular pay day designated by Defendants as an employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and Plaintiff's regular hourly rates of pay and overtime rates of pay.

14.     Through their knowing and intentional failure to provide Plaintiff with the wage

notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq*. and the supporting Regulations.

15.     Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

**COUNT VI**
**VIOLATION OF THE NEW YORK LABOR LAW**
**NYLL SECTION 195(3)**
**FAILURE TO PROVIDE WAGE STATEMENTS**

16.     Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

17.     Defendants willfully failed to provide Plaintiff written wage statements with his wages each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

18.     Through their knowing and intentional failure to provide Plaintiff with wage statements required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq*. and the supporting Regulations.

19.     Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees as provided by NYLL § 198(1-d).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, by and through his attorneys, Neil H. Greenberg & Associates, P.C., demands judgment against Defendants, jointly and severally, and in favor of Plaintiff, for a

sum that will properly, adequately, and completely compensate Plaintiff for the nature, extent, and duration of the damages, costs of this action, and as follows:

A.  Declare and find that Defendants committed one or more of the following acts:

1.  Violated provisions of the FLSA by failing to pay overtime compensation to Plaintiff;

2.  Willfully violated the provisions of the FLSA;

3.  Violated the provisions of the NYLL by failing to pay overtime compensation, minimum wages, and spread of hours compensation to Plaintiff;

4.  Willfully violated the applicable provisions of the NYLL;

5.  Violated the provisions of the NYLL by failing to provide Plaintiff with wage notices and wage statements;

B.  Award compensatory damages, including all overtime compensation, minimum wages, and spread of hours compensation owed, in an amount according to proof;

C.  Award liquidated damages under the NYLL, or alternatively the FLSA;

D.  Award interest on all NYLL overtime compensation, minimum wages, spread of hours compensation, and other compensation due accruing from the date such amounts were due;

E.  Award all statutory damages under the NYLL;

F.  Award all costs and attorney's fees incurred in prosecuting this action; and

G.  Provide such further relief as the Court deems just and equitable.

Dated:  Massapequa, New York
        October 15, 2019

_____
Neil H. Greenberg, Esq.

12

Neil H. Greenberg & Associates, P.C.
*Attorneys for the Plaintiff*
4242 Merrick Road
Massapequa, New York 11758
Tel: 516.228.5100
nhglaw@nhglaw.com

## FAIR LABOR STANDARDS ACT - CONSENTIMIENTO/CONSENT FORM

Doy mi consentimiento para ser parte demandante en una demanda contra **Steven Stile Farmers Mkt No 2 LLC, Steven Stile,** y/o entidades e individuos relacionados con el fin de obtener reparación por violaciones de la Fair Labor Standards Act, (*Ley de las Normas Laborales Justas*) de conformidad con 29 U.S.C. § 216 (b). Por la presente yo designo Neil H. Greenberg & Associates, P.C. para representarme en tal demanda.

I, consent to be a party plaintiff in a lawsuit against **Steven Stile Farmers Mkt No 2 LLC, Steven Stile,** and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216 (b). I hereby designate Neil H. Greenberg & Associates, P.C. to represent me in such a lawsuit.

Date/Fecha: _10/9/19_

Victorino Hernandez Alejandro