## <u>SETTLEMENT AGREEMENT AND RELEASE</u>

This Settlement Agreement and Release ("Agreement") is made and entered into by and between, on the one hand, VICTORINO HERNANDEZ ALEJANDRO ("Plaintiff"), and, on the other hand, STEVEN STILE FARMERS MKT NO 2 LLC, and STEVEN STILE ("Defendants") (collectively, the "Parties").

**WHEREAS**, on or about October 15, 2019, Plaintiff initiated legal action against Defendants in the United States District Court for the Southern District of New York, entitled *Hernandez Alejandro v. Steven Stile Farmers Mkt No 2 LLC, et al.*, 19-CV-09504 (SN) ("the action") in which Plaintiff alleged violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"); and

**WHEREAS**, in the Action, Plaintiff has alleged, among other things, that Defendants failed to pay him overtime wages, minimum wages, and spread of hours pay due in connection with services that he performed on Defendants' behalf, and failed to provide him with accurate wage notices and statements; and

**WHEREAS**, Defendants deny all liability and all allegations of wrongdoing made by Plaintiff and the Court has not made any findings with respect to the merits of any of the claims asserted in the Complaint, or otherwise; and

**WHEREAS**, the Parties desire to resolve all disagreements between them, including those asserted in the Complaint, in an amicable manner without the expense and aggravation of further litigation and without admission of liability or wrongdoing by anyone;

**NOW, THEREFORE**, with the intent to be legally bound, and for good and valuable consideration, the sufficiency and receipt of which the Parties acknowledge, the Parties agree as follows:

1. **<u>Consideration</u>:** The Parties are entering into this Settlement Agreement and Release in exchange for good and valuable consideration. Plaintiff agrees that he will not seek any further consideration from Defendants, including any monetary payment, beyond that which is set forth in Paragraph 2 of this Settlement Agreement. In addition, Plaintiff agrees that the amount being paid to him represents all alleged unpaid minimum and overtime wages, spread of hours pay, and other alleged damages from the commencement of his employment with Defendants to the present, including interest, civil monetary penalties, liquidated damages, and attorneys' fees and costs.

2. **<u>Settlement Compensation</u>:** As a full settlement and final satisfaction of the FLSA and the NYLL claims that Plaintiff has, had, or may have against Defendants, and in consideration for the agreements and obligations set forth herein, including, but not limited to, the limited release set forth in Paragraph 4 below, Defendants agree to pay Plaintiff the total sum of Twenty-Five Thousand Dollars and No Cents ($25,000.00) as follows:

(a)     By June 1, 2020, Defendants shall deliver the gross settlement amount of Twenty-Five Thousand Dollars and No Cents ($25,000.00) (the "Settlement Amount") to Plaintiff's attorneys as follows:

(i)     a check made payable to "Victorino Hernandez Alejandro" in the amount of Eight-Thousand and Thirty-Four dollars and Eighty-Seven Cents ($8,034.87), less applicable withholdings representing payment of alleged unpaid wages, due and owing under the FLSA and NYLL. A W-2 will be Issued to Mr. Alejandro for this amount

(ii)    a check made payable to "Victorino Hernandez Alejandro" in the amount of Eight-Thousand and Thirty-Four dollars and Eighty-Eight Cents ($8,034.88), representing payment of liquidated damages, punitive damages, and statutory interest due and owing under the FLSA and NYLL. The Parties agree that Defendants shall report such amount as income to Plaintiff Hernandez on an IRS Form 1099 with box #3 checked.

(iii)   a check made payable to "Neil H. Greenberg & Associates, P.C." in the amount of Eight-Thousand Nine-Hundred and Thirty Dollars and Twenty-Five Cents ($8,930.25), representing attorneys' fees and disbursements, to be reflected on an IRS Form 1099. The Parties agree no other attorneys' fees, disbursements and costs are due or owing to Plaintiffs or Plaintiffs' Counsel in connection with this Action.

## 2.1     **Tax Characterization**.

(A)     For tax purposes, a portion of the payments in Paragraph 2 shall be treated as unpaid wages for which a Form W-2 shall be issued and a portion of the payments in Paragraph 2 shall be treated as interest and/or liquidated damages and issue without any withholdings for which a Form 1099 shall be issued to Plaintiff. Plaintiff shall provide to Defendants on or before the Effective Date completed and executed IRS Forms W-4 and W-9. Plaintiff' shall also provide to Defendants on or before the Effective Date a completed and executed IRS Form W-9 for their attorneys. No payment shall be issued under this Agreement until completed and executed IRS Forms W-4 and W-9 are tendered.

(B)     Payments treated as unpaid wages pursuant to Paragraph 2 shall be made net of all applicable employment taxes, including, without limitation, federal, state and local income tax withholdings and each respective employee's share of FICA tax, and shall be reported to the Internal Revenue Service ("IRS") and the payee under the payee's name and social security number and/or taxpayer identification number on an IRS Form W-2. Payments treated as interest and/or liquidated damages pursuant to Paragraph 2 shall be made without withholding and shall be reported to the IRS and the payee, to the extent required by law, under the payee's name and social security number and/or taxpayer identification number on an IRS Form 1099. Said funds shall be listed in Box 3 ("Other Income") of the issued IRS Form 1099. Payments of attorneys' fees and costs pursuant

to Paragraph 2 shall be made to Plaintiff' Counsel without withholding and reported on an IRS Form 1099 under the payee's name and taxpayer identification.  Additionally, an IRS Form 1099 will be issued to each Plaintiff in the amount of one-half of the fees and costs pursuant to Paragraph 2.

(C)     Defendants shall be responsible for any and all applicable employer tax contributions associated with wage payments, including but not limited to the employer share of the FICA tax and any federal and state unemployment tax due with respect to the amounts treated as wages pursuant to Paragraph 2.  Any such payroll taxes ordinarily borne by the employer shall be paid by Defendants in addition to the Settlement Amount and shall not be paid out of the Settlement Amount.  Defendants shall not be responsible for: (i) any payroll taxes imposed on employees, rather than employers; (ii) any taxes imposed on the portion of the payments to Plaintiff treated as payment of interest and/or liquidated damages reported on Forms 1099; or (iii) any taxes imposed with respect to the payment of attorneys' fees to Plaintiff's Counsel under this Agreement.

(D)     Plaintiff acknowledge and agree that, except for the employer share of the FICA tax and any federal and state unemployment tax due with respect to the amounts treated as wages as specified in Paragraph 2, Plaintiff will be solely responsible for all taxes, interest and penalties due with respect to any payment received pursuant to this Agreement.  Additionally, Plaintiff agree to indemnify and hold Defendants harmless for any and all federal, state, city, and local taxes, interest, charges, and penalties that are due, may become due or are otherwise assessed against Plaintiff at any time with respect to any portion of the Settlement Amount received by Plaintiff except for the employer share of the FICA tax and any federal and state unemployment tax due with respect to the amounts treated as wages as specified in Paragraph 2.

(E)     The employee portion of all applicable income and payroll taxes will be the sole responsibility of Plaintiff.

**3.     Other Payments:** Except as provided in this Agreement, no other payments are owed to Plaintiff.

**4.     Release Of All Fair Labor Standards Act And New York Labor Law Related Claims:**  Plaintiff understands and agrees that the Settlement Compensation is in full satisfaction of any and all obligations Defendants may have with respect to Plaintiff's claims for alleged unpaid wages (including but not limited to minimum and/or overtime wages), "spread-of-hours" pay, liquidated damages, statutory penalties, interest and attorneys' fees under the wage and hour provisions of the New York State Labor Law, the Fair Labor Standards Act, and any other applicable wage hour and wage payment laws, rules or regulations for anything that has occurred up to the date Plaintiff executes this Settlement Agreement. Plaintiff affirms that, other than the claims alleged herein, he has reported all hours he worked while employed by Defendants, and that he has been paid and/or has received all compensation, wages, bonuses, commissions, severance, sick leave, vacation, personal or other paid time off, and/or any other benefits to which they may have been entitled as a result of his employment with Defendants. Plaintiff

hereby completely releases all wage and hour claims against Defendants and release and forever discharges Defendants with prejudice to the fullest extent permitted by law from all actions, claims and/or causes of action which Plaintiff, Plaintiff's heirs, executors, administrators, successors and/or assigns may now have or hereafter can, shall or may have against Defendants from the beginning of the world up to and including the day of the date of this Agreement for conduct set forth in the Lawsuit including, claims arising under or pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* and New York Labor Law, and its governing regulations.

5.      **Full Payment**:   Plaintiff agrees and affirms that the payments described in Paragraph 2 above shall constitute the entire amount of monetary consideration provided to Plaintiff and Plaintiff's legal counsel, and are inclusive of any claim for attorneys' fees, costs, interest, and/or other expenses.

6.      **Third-Party Beneficiary**:   Defendants agree and acknowledge that Neil H. Greenberg & Associates, P.C. is an Intended Third-Party Beneficiary of this Agreement and is entitled to the rights and benefits of that portion of the Settlement Compensation allocated to Neil H. Greenberg & Associates, P.C. in Paragraph 2 above, and may enforce the provisions of this Agreement as if it were a party hereto. If Defendants breach Paragraph 2 above as it pertains to that portion of the Settlement Compensation allocated to Neil H. Greenberg & Associates, P.C., as determined by a Court of competent jurisdiction, Neil H. Greenberg & Associates, P.C. will be entitled to seek the Settlement Compensation described therein and shall be entitled to reasonable attorneys' fees and costs incurred in enforcing its rights under this Agreement, provided that Neil H. Greenberg & Associates, P.C. is a prevailing party.

7.      **Covenant Not to Sue**.   Plaintiff agrees not to file a lawsuit or commence any other legal proceeding against Defendants concerning any matter released in this Agreement. If Plaintiff breaches this Paragraph, as determined by a Court of competent jurisdiction, Defendants will be entitled to seek recovery of their costs, including reasonable attorneys' fees, relating to the Defendants' enforcement of this Agreement and/or defense of such claims, provided that Defendants are a prevailing party.

8.      **Filing of Stipulation of Dismissal with Prejudice**.

(a)     Upon execution of this Agreement, the Parties agree to immediately execute a Stipulation of Dismissal with Prejudice which will be filed with the Court along with the parties' letter request for settlement approval.

(b)     The execution and filing of the Stipulation of Dismissal with Prejudice is a material condition of this Agreement and the Parties' obligations hereunder. The Parties agree that Plaintiff must authorize his counsel to execute and deliver the Stipulation of Dismissal with Prejudice to Defendants' counsel before any Payment pursuant to Paragraph 2 of the Agreement is delivered from Defendants to Plaintiff's attorneys.

9.      **Taxes and Withholding**: On or about January 31, 2021, Defendants shall send to Plaintiff via mailing to Plaintiff's counsel and shall file with the Internal Revenue Service an IRS Form 1099 with Box #3 checked for the Settlement Compensation reflecting payment to the Plaintiff of that portion of the Settlement Payment which was received by him in the prior

calendar year. Plaintiff expressly acknowledges and agrees that he is responsible for the payment of all federal, state, and local taxes, if any, that is required by law to be paid by him with respect to the above payment in Paragraph 2. Plaintiff acknowledges and assumes all respective responsibility for paying those amounts, if any, except for Defendants' portion of FICA and/or FUTA, if any.

10. **No Admission of Liability**:  Neither this Agreement nor anything contained herein constitutes or is intended to constitute any finding of fact, admission of liability, or assessment of liability by Defendants under any law, ordinance, rule, regulation, policy, or order with respect to any claim that Plaintiffs have asserted, could have asserted, or may assert in connection with Plaintiffs' employment and separation from employment with Defendants. Defendants have consistently denied, and continue to deny, each and every allegation of wrongdoing made by Plaintiff, and have agreed to enter into this Agreement for the sole purpose of avoiding the cost and inconvenience of further litigation.

11. **No Pending Claims**:  Plaintiff hereby represents that other than the Complaint, he has no pending actions (either jointly or individually), administrative charges or complaints, grievances, or arbitrations involving the Released Claims against any of the parties with any federal, state or local administrative agency, judicial tribunal, arbitration tribunal or otherwise.

12. **Choice of Law and Forum**:  This Agreement shall in all respects be interpreted, enforced and governed in accordance with and pursuant to the laws of the State of New York, without regard to conflicts of law principles. Any dispute, claim or cause of action arising out of, or related to, this Agreement shall be commenced only in a court of competent jurisdiction located in Suffolk County, New York or the United States District Court for the Eastern District of New York. Such courts shall have exclusive jurisdiction over such claim, dispute or disagreement, and the Parties consent to the personal jurisdiction of those courts.

13. **Entire Agreement**:  Plaintiff acknowledges and agrees that this Agreement reflects the entire agreement between the Parties regarding the subject matter herein and fully supersedes any and all prior agreements and understandings between the Parties hereto. There is no other agreement except as stated herein. Plaintiff acknowledges that Defendants have made no promises to them other than those contained in this Agreement.

14. **Severability**:  The Parties agree that in the event any provision(s) of this Agreement is judicially declared to be invalid or unenforceable, only such provision(s) shall be invalid or unenforceable without invalidating or rendering unenforceable the remaining provisions hereof.

15. **Modification**:  This Agreement may not be changed, waived, or supplemented unless such change, waiver, or supplementation is in writing and signed by the Parties.

16. **Assignment of Claims**:  Plaintiffs hereby represent and warrant that they have not assigned or transferred or purported to assign or transfer to anyone any claim, action or cause of action based upon, arising out of, or connected in any way with any of the matters released herein.

17.     **Waiver and Fair Meaning:**   No provision herein may be waived unless in writing and signed by the Party or Parties whose rights are thereby waived. The failure of any Party to insist on strict adherence to any term hereof on any occasion shall not be considered a waiver or deprive that Party of the right thereafter to insist upon strict adherence to that term or any other term hereof. The language and all parts of this Agreement shall in all cases be construed as a whole according to its fair meaning, and not strictly for or against any of the Parties, regardless of who drafted it.

18.     **Counterparts:**   This Agreement may be executed in counterparts, each of which shall serve as an original as against any Party who signed it and all of which taken together shall constitute one and the same documents. A copy of the Party's signature on this Agreement shall be acceptable in any action against that Party to enforce this Agreement.

19.     **Headings:**   The headings in this Agreement are for the convenience of the Parties and are not intended to modify any of the terms of this Agreement.

20.     **Facsimile or Email:**   A facsimile or email copy of this Agreement will have the same force and effect as the original.

21.     **Authority to Execute Agreement**:   The undersigned individuals hereby warrant and represent that they have the full authority to make the representations and warranties contained in this Agreement, and to execute and perform this Agreement, on behalf of the individuals and entities for which or whom they have signed, and that they are acting within the scope of their authority.

22.     **Notices:**   Any notice or communication that the Parties desire to give or are required to give to the other(s) shall be in writing and sent via USPS First Class Mail and e-mail to the parties' respective legal counsel. Notice shall be deemed communicated from the date of service. The addresses for notice are as follows, unless otherwise specified:

**For Plaintiffs:**
Melanie J. Lazarus, Esq.
Neil H. Greenberg & Associates, P.C.
4242 Merrick Road
Massapequa, New York 11758
melanie@nhglaw.com

**For Defendants:**
Jason Mizrahi, Esq.
Levin-Epstein & Associates, P.C.
420 Lexington Ave., Suite 2525
New York, New York 10170
jason@levinepstein.com

## NOTICE

**THIS AGREEMENT CONTAINS A WAIVER OF CLAIMS BROUGHT PURSUANT TO THE FAIR LABOR STANDARDS ACT. READ THIS ENTIRE DOCUMENT CAREFULLY AND DO NOT SIGN UNLESS YOU DO SO VOLUNTARILY. YOU SHOULD CONSULT WITH YOUR ATTORNEY BEFORE SIGNING.**

**PLAINTIFF ACKNOWLEDGES AND AGREES THAT THIS AGREEMENT HAS BEEN TRANSLATED TO HIM, THAT HE UNDERSTANDS IT, AND HE IS VOLUNTARILY ENTERING INTO IT OF HIS OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS.**

**AGREED:**

_____     Dated: 05/6/20
**VICTORINO HERNANDEZ ALEJANDRO**

I, Catalina Roman, being duly sworn, deposes and says:

    I am fluent in reading, writing, and speaking both English and Spanish languages. On May 6 _____, 2020, I translated the above Settlement Agreement from English to Spanish. Mr. Hernandez Alejandro informed me through a Mixtec interpreter that he fully understood the translation from English to Spanish and further informed me that he agreed to the content of the Agreement.

_____
**CATALINA ROMAN**

Duly sworn to before me this
6th day of May . 2020

_____
**NOTARY PUBLIC**

_____     Dated: _____

**ROSA COSCIA**
Notary Public, State of New York
No. 01CO6022713
Qualified in Nassau County
Commission Expires 04/05/20

- 7 -

**STEVEN STILE FARMERS MKT NO 2 LLC**

Steven Shle

By: Steven Stile

STATE

**STEVEN STILE**

Dated: 5/4/2020